Our fifth case for this morning is United States v. Robert Printz, 14-1304. And we'll hear first from Mr. Schwing. Good morning, Your Honors. Good morning. Good morning, Counsel. Good morning. I'd like to introduce Co-Counsel James Waller, please. Good morning. And may it please the Court, we really do appreciate your invitation to be here today because we realize that you've looked at this issue once or twice in the past. You know the people will tell you that an optimist will see a glass as being half full of water, a pessimist will say it's half empty, and an engineer will say the glass is too big. I think that's the way the courts have been approaching this issue on restitution and juries, and I think because that's such a subjective inquiry, that's why it's led to a split in the circuits and inconsistent results around the country. Your Honor, we'd like to suggest a different approach, and we think it's the proper approach in this case, and that is to refer to the language of the statute itself. That's the business of the federal courts generally anyway, is to interpret statutes, and I think the first rule of statutory interpretation is to read the statute. Well, we're big believers in that, but there's some preliminary problems here, one of which, as I understand it, is that this argument was not made to the district court, and the question whether a jury or a judge makes a decision under the Supreme Court's Apprendi line of cases is not something that is either jurisdictional or structural. It's a waivable issue, and so even if we agreed with you on quite a few steps in your argument, I'm having problems with this initial point. The initial point being? Being that it's waived. Mr. Prince didn't object to the proposed calculation. He told the district court it seemed to be correct. He didn't ask for a jury determination of this sentencing point. He pleads guilty instead, and he says, I know the judge will figure out the sentence. Your Honor, jurisdiction can't be waived, and I agree. It's not jurisdictional, though. This is not jurisdictional. You see, there was a waiver of a right to a jury trial on any issue, and that's why I've had difficulty trying to understand in what sense the waiver was ineffective here. We understand this to be a subject matter jurisdiction. But I'm telling you it isn't. So here's one piece of evidence from the Supreme Court. As we all know, they decided Apprendi, and they decided that facts that would increase the statutory maximum have to be found by a jury. Then they decide that Apprendi is not retroactive. It doesn't go to the subject matter jurisdiction. The court couldn't be clearer about that. And so there are cases in every circuit in the country, including this case, that look at that, and they say it's certainly an important right. It's a right that people have. Whether it's triggered here or not, we could discuss. But it's not subject matter jurisdiction. If it were, the court would have had to make it retroactive to previous cases. Your Honor, I don't think any court has ever even looked at the issue of jurisdiction. But you are making an Apprendi-based argument. I think we don't even get to Apprendi, Your Honor, until we decide what the court's subject matter jurisdiction is. No, no. You're saying that a jury should have decided this restitution point, right? Yes. Either way, a jury should have decided this restitution point. There's federal criminal jurisdiction over wire fraud cases. There's federal criminal jurisdiction over money laundering cases. You could complain about the sentence being too long. You know, if you'd gotten a death penalty for wire fraud, you would have had a great claim under Coker v. Georgia that that was an impermissible sentence. But it's not the court's subject matter jurisdiction. Your Honor, my position is that this court has said it's making a civil remedy. That it's awarding a civil remedy in the restitution cases. And it's been cited for this issue many times. That's why this court doesn't apply Apprendi. Because they see this as a civil remedy. And my argument, Your Honor, is that it is not a civil remedy. And unless the court has subject matter jurisdiction, it cannot award civil remedies. Right, but here's the problem with that logic. Suppose you're right. Suppose it is a criminal remedy. It's just a remedy for the offense to which Mr. Prince pleaded guilty. Or perhaps for somebody else, Mr. Smith, there was a trial and a conviction. And then the judge moves on to the sentencing phase. And under your view, you have a potential sentence in prison. You have a potential criminal fine. And you have potential restitution. All three elements of the criminal sentence. But that's just what follows from either the plea of guilty or the conviction. It's still not a stand-alone, out-of-the-blue order that orders him to pay upwards of $7 million. Your Honor, I have to kind of disagree with you on this. The statutes of conviction in this case were wire fraud and money laundering. And there's no issue about the court's jurisdiction over those cases. No, no. But the elements of the offenses do not include any loss whatsoever. I understand that. And the Supreme Court has also talked about sentencing factors versus elements of the offense. There's no cap on restitution. So there's nothing that could go above an amount that the plea of guilty concedes. I would have to very much disagree with you about that argument, Your Honor. And let me tell you why. Because the offense of conviction here was not the Mandatory Victims Restitution Act. That analysis applies to the offense of conviction. The two offenses of conviction here are wire fraud and money laundering. And the statutory maximum restitution for those two offenses is zip, zero, nothing, not up. But there are other statutes. I'm going to let you go in a minute because you have rebuttal. But there are other statutes. Indeed, there's a whole subchapter of the criminal code about authorized sentences, which are also not in the money laundering or wire fraud section. But Congress has passed laws about criminal sentencing, and I don't know how that works with your theory. Does your client want out of his plea? No, Your Honor. He wants the plea to be. But his plea acknowledged that there could be restitution. And he's not refused to pay it. And he was advised of the potential restitution when he was arraigned on the charge? No, it didn't happen until sentencing. But at sentencing? At sentencing. It wasn't mentioned in the plea? Not in the plea. The plea agreement says he will agree to pay restitution. What about the plea colloquy? I'm sorry, Your Honor. It was not mentioned during the discussion of the rights and so forth, the conviction penalties he faced? He was told the judge would order restitution.  And that's what he said. But he does not want out of the plea? All right. Well, if you'd like to save a little time for rebuttal, that would be fine. Mr. Walters. Good morning, Your Honors. May it please the court, my name is Greg Walters, counsel. I really have very little to argue. We stand on our brief regarding waiver. We stand on our brief regarding the clarity of this court's law on both the apprendee issue and restitution. Do you think the issues were waived or forfeited? What do you think? I will be up front and tell the court I think my stronger argument was plain air, but it doesn't make sense to argue waiver after plain air. But I do think there's waiver. And here's why. And I think Judge Tinder really got to the point somewhat when he said, do you want out of your plea agreement? He doesn't want to go back to no plea, no dismissal. The agreement itself acknowledges that the court will determine restitution. It does, Your Honor. So isn't that a waiver? I agree. I think I don't want to argue myself out of a point. I think, look, when he's advised in his plea colloquy, look, you have a right to a jury trial, he obviously waives that by pleading guilty. He's told in his plea agreement that restitution, in fact, he acknowledges and agrees that restitution will be determined by the district judge. And then he gets a PSR in paragraph 92, I think, that lays out, here's the amount of restitution by victim. And then at the sentencing hearing, within the first two pages of the transcript, says no objections. And then now we're on appeal, and he doesn't ask back his plea agreement. He doesn't want the dismissed charges reinstated. He doesn't want to lose out on acceptance of responsibility. So if waiver is, it occurs when there's an express refusal to raise a right. I think we've seen it in this case. But even without a waiver, this court's precedent is clear. And just one point I'd like to make before I sit down. There may be a split in jurisdictions on whether it's a civil remedy or a criminal remedy. Where there is no split, there's not a single jurisdiction that has held that restitution is to be determined by a criminal jury or a civil jury. Certainly, Judge Shadid in this case did not plainly err by following this circuit's very clear precedent. And we would ask that the judgment be affirmed. Thank you. Absent further questions from the court. Apparently there are no questions, so thank you very much. Thank you, Your Honor. Anything further, Mr. Schwing? I think you have two minutes. I think I'm out of time. No, no, you're not. You have about a minute and a half. Well, I'd like to take advantage of that and talk about appeal waivers and issue waivers. Because in my experience, those things generally tend to have words like waive and appeal in them. And the government sure knows how to draft one when their issues are up front. The forfeiture waiver is beautiful. I mean, there's no way around that one. The plea agreement, when it comes to the issue of restitution, gets kind of like, yeah, the judge is going to order restitution and you're going to pay it. And that's not a waiver of anything, Your Honor. A waiver is an express acknowledgment of a right and a refusal or a declination to serve that right. But what's missing, if I were to expand on the point you're making, it says the judge is going to determine restitution, but it doesn't elaborate on the process that the judge is going to use. Is the judge going to come up with a number all by himself? Is the judge going to hold a hearing? Is the judge going to look at the PSR? Is the judge going to submit it to a jury? And so perhaps you could say that there's just a gap there, that the process isn't discussed, and so maybe you're on a forfeiture posture as opposed to a full-blown waiver posture. Your Honor, I look at that language as equivalent to saying, and also the judge is going to tell you to go to prison because he's going to order the prison sentence, too. Who else is going to order any of this stuff? The judge is going to do it. So I think it's meaningless, quite frankly. Thank you for inviting us here today, Your Honor. Thank you very much. We will take the case under advisement.